IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION |
| v. | |
| TYREEK WORDSLEY | NO.  11-698 |

DuBOIS, J.                                                                                                          April 2, 2014

# M E M O R A N D U M

## I.     INTRODUCTION

On December 1, 2011, a grand jury returned an indictment which charged defendant, Tyreek Wordsley, with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e).  On April 17, 2012, defendant entered a plea of guilty pursuant to a plea agreement that recommended a 96 month term of incarceration and waived his rights to appeal and/or collaterally challenge his conviction and sentence.  On November 20, 2012, the Court accepted the parties' recommended sentence and imposed a sentence of 96 months imprisonment, three years supervised release, a $400 fine, and a $100 special assessment.

On November 18, 2013,[1] defendant filed the pending *pro se* Motion to Set Aside, Vacate, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, arguing that his counsel was ineffective.  For the reasons that follow, defendant's Motion is both dismissed due to defendant's waiver of his right to collaterally attack his sentence and denied on the merits.

---

[1] Although defendant's Motion was not docketed until November 22, 2013 (ECF No. 39), federal courts employ the prisoner mailbox rule, under which a prisoner's *pro se* motion is deemed filed when delivered to prison officials for mailing.  *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998).  In this case, defendant affirms that he placed the Motion in the prison mailing system on November 18, 2013.  Def.'s Mot. 12.

## II.     BACKGROUND

### A. Defendant's Plea Agreement and Waiver of His Right to Collaterally Attack His Conviction and Sentence

On April 17, 2012, defendant plead guilty, pursuant to a plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e). Defendant's plea agreement was a "C plea" under Federal Rule of Criminal Procedure 11(c)(1)(C).[2] As part of defendant's C plea, the government agreed to "[f]orgo presenting proof of the defendant's prior convictions which would otherwise qualify him as an 'armed career criminal,'" thus avoiding the imposition of a 15 year mandatory-minimum sentence pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e). Instead, the parties agreed that a sentence of, *inter alia*, 96 months imprisonment and 3 years supervised release was an appropriate disposition of the case.[3] As part of the plea agreement, defendant agreed to waive his right to appeal and collaterally attack his conviction and sentence, subject to narrow exceptions. Specifically, defendant's plea agreement, in relevant part, stated:

> In exchange for the undertakings made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law.
>
> > a. Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of his sentence.

---

[2] Rule 11(c)(1)(C) provides, in relevant part, that "the plea agreement may specify that an attorney for the government will . . . agree that a specific sentence or sentencing range is the appropriate disposition of the case . . . (such a recommendation or request binds the court once the court accepts the plea agreement)." Fed. R. Crim. P. 11(c)(1)(C).

[3] As stated below, the Court accepted the plea agreement at the sentencing hearing on November 20, 2012. Tr. 11/20/12 at 19.

2

> b. If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal but may raise only claims that:
>
>> (1) the defendant's sentence on any count of conviction exceeds the statutory maximum for that count . . . ;
>>
>> (2) the sentencing judge erroneously departed upward pursuant to the Sentencing Guidelines; and/or
>>
>> (3) the sentencing judge, exercising the Court's discretion pursuant to United States v. Booker, 543 U.S. 220 (2005), imposed an unreasonable sentence above the final Sentencing Guideline range determined by the Court.

Guilty Plea Agreement ¶ 11 (ECF No. 22).

### B. Change of Plea Hearing

At the April 17, 2012 change of plea hearing, the Court engaged in a guilty plea colloquy with defendant pursuant to Federal Rule of Criminal Procedure 11(b). At the Court's request, the government explained the provision of the plea agreement under which defendant waived his right to appeal or collaterally attack his conviction or sentence, stating, in relevant part, as follows: "The appellate waiver also includes a waiver not to file any kind of collateral attack such as habeas corpus or anything under . . . 28 United States Code Section 2255." Tr. 4/17/12 at 20:14-18. The Court then engaged in the following colloquy with defendant:

> The Court: Do you understand what [the prosecutor] said about the limitations, these additional limitations on your right to appeal?
>
> Defendant: Yes, sir.
>
> The Court: Any questions about that?
>
> Defendant: No, sir.
>
> The Court: In addition, the plea agreement prevents you, bars you from filing any collateral attacks on your sentence or your conviction. The most common form of collateral attack is a motion for writ of habeas corpus under 28 USC Section 2255 and the most common challenge that a defendant would assert in such a motion is ineffective assistance of counsel. Do you understand that under

|  |  |
|---|---|
|  | the plea agreement you give up the right to file any collateral attacks such as a 2255 habeas corpus motion? |
| Defendant: | Yes, sir. |
| The Court: | Do you have any questions about that? |
| Defendant: | No, sir. |

. . .

| | |
|---|---|
| The Court: | So if I accept the plea agreement I'll impose the sentence I've just stated, 96 months incarceration, three years of supervised release, a fine and I'll determine the amount of the fine, if any, at sentencing and a $100 special assessment.  If I impose that sentence then you cannot come back and claim for any reason that the plea agreement should be set aside and my sentence should be vacated, do you understand that? |
| Defendant: | Yes, sir. |

*Id.* at 20:19 – 23:24.

Furthermore, defendant stated that he was satisfied with his counsel, *id.* at 5:9-13, that his understanding of his plea was the same as described in open court, *id* at 30:19, and that he signed the plea agreement of his own free will, *id.* at 31:15.

### C. Sentencing

Defendant's sentencing hearing was held on November 20, 2012.  At that hearing, the Court concluded that defendant's applicable guideline range under the United States Sentencing Guidelines ("Sentencing Guidelines") was 77 to 96 months imprisonment,[4]  Tr. 11/20/12 at 17-19; Presentence Report (hereinafter "PSR") ¶¶ 28, 45, 68, Nov. 21, 2012, and that the statutory maximum sentence was 10 years imprisonment.  Tr. 11/20/12 at 21.  Without the government's agreement to forgo presentation of evidence of defendant's previous convictions, defendant would have faced a guideline sentencing range of 168 to 210 months imprisonment, with a 180

---

[4] Defendant does not object in his Motion to the Court's calculation of the applicable guideline range.

4

month mandatory minimum sentence, PSR ¶¶ 67-68, Aug. 15, 2012, and a statutory maximum sentence of life imprisonment, *id.*; Tr. 11/20/12 at 21.

At sentencing, the Court concluded that "the agreed upon sentence of 96 months which is at the high end of the Sentencing Guideline range is reasonable under all of the circumstances." Tr. 11/20/12 at 19:15.  The Court thus accepted the plea agreement and sentenced defendant to 96 months imprisonment, 3 years supervised release, a $400 fine, and a $100 special assessment. *Id.*

### D.  Defendant's Motion for Writ of Habeas Corpus

On  November 18, 2013, defendant filed the pending *pro se* Motion to Set Aside, Vacate, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, claiming that his counsel was ineffective for failing to argue[5] that (1) he does not have a previous conviction for possessing, selling, or using firearms, (2) the firearm possessed did not pose a threat to the community because the gun was inoperable at the time of the offense, and (3) there was no evidence that the gun in question affected interstate or foreign commerce because the government did not have proof of how defendant came into possession of the gun.

### III.    LEGAL STANDARD

The standard for evaluating an ineffective assistance of counsel claim was set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  To establish ineffective assistance of counsel, a petitioner must demonstrate that his counsel's performance (1) "fell below an objective standard of reasonableness" under "prevailing professional norms," and (2) that counsel's deficient performance prejudiced the petitioner.  *Id.* at 687-88, 92.

---

[5] Defendant does not specify whether such arguments should have been made in the negotiation of his plea or at sentencing; the Court considers both possibilities.

When assessing the reasonableness of counsel's performance, the *Strickland* Court noted that "the difficulties inherent in making the evaluation" necessitate that courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.  To show prejudice, a petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome." *Id.*

**IV.  DISCUSSION**

The government argues that (1) defendant's claims are procedurally barred by the collateral-review waiver provision in defendant's plea agreement, and (2) defendant's claims fail on the merits.  The Court considers each argument in turn.

**A.  Defendant's Claims Are Barred by the Waiver Provision in the Plea Agreement**

The government argues that defendant's claims are barred by the waiver provision in the plea agreement.  The Court agrees.

Waivers of the right to collateral review are valid "provided that they are entered into knowingly and voluntarily and their enforcement does not work a miscarriage of justice." *United States v. Mabry*, 536 F.3d 231, 237 (3d Cir. 2008); *see also United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001).

In *United States v. Khattack* the Third Circuit expressly declined to "earmark specific situations" in which enforcement of a waiver would amount to a "miscarriage of justice." *Khattak*, 273 F.3d at 563.  Instead, the court adopted the approach used by the United States Court of Appeals for the First Circuit, which identified the following factors for consideration: "'the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a

6

sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result.'" *Id.* (quoting *United States v. Teeter*, 257 F.3d 14, 25-26 (1st Cir. 2001)).

While the United States Court of Appeals for the Third Circuit has recognized that "ineffective assistance of counsel may be a basis for setting aside an appellate or collateral review waiver," *United States v. Mitchell*, 538 F. App'x 201, 203 (3d Cir. 2013), it has limited such instances to those cases involving extraordinary circumstances, such as those where the waiver was itself the product of ineffective assistance of counsel, *see*, *e.g.*, *United States v. Akbar*, 181 F. App'x 283, 286 (3d Cir. 2006), or those where "constitutionally deficient lawyering prevented [the defendant] from understanding his plea or from filing a direct appeal as permitted by his plea agreement," *see United States v. Shedrick*, 493 F.3d 292, 298 (3d Cir. 2007).

The Court notes that none of the three exceptions to the collateral-review waiver delineated in defendant's plea agreement, *see* Guilty Plea Agreement ¶ 11, are applicable in this case. Defendant's 96 month sentence is below the applicable 10 year statutory maximum, *see* 18 U.S.C. § 924(g), the Court did not depart upward under the Sentencing Guidelines, and the Court's 96 month sentence was within the applicable 77 to 96 month guideline range.[6] Tr. 11/20/12 at 17-19. Therefore, the waiver bars defendant's claim if it was "entered into knowingly and voluntarily and [its] enforcement does not work a miscarriage of justice." *Mabry*, 536 F.3d at 237.

---

[6] Defendant does not object in his Motion to the Court's calculation of the applicable sentencing guideline range.

The Court concludes that defendant's waiver was entered into knowingly and voluntarily. The Court, in its colloquy with defendant at the change-of-plea hearing, explained the waiver and its consequences accurately and at length. The Court specifically asked defendant "[d]o you understand that under the plea agreement you give up the right to file any collateral attacks such as a 2255 habeas corpus motion?" Tr. 4/17/12 at 21. Defendant answered "Yes, sir." *Id.* Defendant further stated that he was satisfied with his counsel, *id.* at 5:9-13, that his understanding of his plea was the same as described in open court, *id* at 30:19, and that he decided to sign the plea agreement of his own free will, *id.* at 31:15. Defendant does not dispute these facts or that he knowingly and voluntarily entered into the collateral-attack waiver.

Furthermore, the Court concludes that enforcing the waiver would not result in a miscarriage of justice. Defendant has alleged no facts supporting the contention that the collateral-attack waiver itself was the product of ineffective assistance of counsel,[7] and, even if he did, the record does not support that argument. Defendant's plea counsel negotiated a plea agreement that avoided a 180-month mandatory minimum sentence with the possibility of life imprisonment. Instead, defendant was given a "C plea" with an agreed sentence of, *inter alia*, 96 months imprisonment, which defendant received. Likewise, the record reveals no evidence that plea counsel's performance in any way "tainted" the plea proceedings, *Mitchell*, 538 F. App'x at 203 (quoting *Teeter*, 257 F.3d at 25 n.9), or "prevented defendant from understanding his plea." *Shedrick*, 493 F.3d at 298 n.6. Again, defendant does not dispute that he knowingly and voluntarily entered into his guilty plea.

In any event, enforcement of defendant's waiver could only result in a miscarriage of justice if the record reveals that defendant's ineffective assistance of counsel claim is

---

[7] Defendant argues that he wanted his attorney to make several arguments but that his attorney told him "there is nothing that can be done unless [defendant] cooperated." Def.'s Mot. 8.

meritorious. *See Akbar*, 181 F. App'x at 286-87. As discussed below, the Court concludes that defendant's ineffective assistance claim fails on the merits, and, thus, enforcement of the waiver will not result in a miscarriage of justice. Accordingly, the collateral-attack waiver in defendant's plea agreement is enforceable and defendant's § 2255 Motion is dismissed on this ground.

### B. Defendant's Claims Are Without Merit

Notwithstanding the fact that defendant has waived his right to collaterally attack his conviction and sentence, the Court addresses the merit of defendant's claims. Defendant alleges that his lawyer failed to argue — either in the course of plea negotiation or at sentencing — that: (1) he does not have a previous conviction for possessing, selling, or using firearms, (2) the firearm he possessed did not pose a threat to the community because the gun was inoperable at the time of the offense, and (3) there was no evidence that the gun in question affected interstate or foreign commerce because the government did not have proof of how defendant came into possession of the gun. The Court concludes that all three of defendant's arguments fail.

First, defendant's claim that counsel erred by not arguing that defendant does not have a previous conviction for possessing, selling, or using firearms fails because both the Court and the government were advised that defendant did not have previous firearm convictions. Defendant's criminal history and previous convictions — none of which were firearm offenses — were stated in the Presentence Report and in defendant's supplemental sentencing memorandum. PSR ¶¶ 29-51, November 21, 2012; Def.'s Mem. in Supp. of Recommended Sentence (ECF No. 30). Plea counsel's failure to reiterate what was already known to all parties was neither objectively unreasonable nor prejudicial. *Strickland*, 466 U.S. at 668.

9

Second, defendant's claim that counsel did not argue that the firearm was inoperable at the time of the offense fails because plea counsel made that argument both at defendant's change-of-plea hearing, Tr. 4/17/12 at 12 ("Your Honor, another key factor in this case is that the gun was not operable . . ."), and at defendant's sentencing hearing, Tr. 11/20/12 at 29 ("The gun in this case . . . was found to be inoperable.").

Finally, defendant's claim that counsel should have argued that the government lacked proof regarding how defendant came into possession of the gun fails because that fact is legally inconsequential. To satisfy the statutory nexus that defendant's weapon was possessed "in or affecting commerce," 18 U.S.C. § 922(g), the government need only show that the weapon had traveled in interstate or foreign commerce before it was possessed by defendant. *Scarborough v. United States*, 431 U.S. 563 (1977); *United States v. Singletary*, 268 F.3d 196, 200 (3d Cir. 2001) ("[T]he *Scarborough* Court established the proposition that the transport of a weapon in interstate commerce, however remote in the distant past, gives its present intrastate possession a sufficient nexus to interstate commerce to fall within the ambit of the statute.").

In this case, the Court instructed defendant on the essential elements of the crime, and defendant acknowledged that he understood the Court's instruction. Tr. 4/17/12 at 36. The government then proffered sufficient evidence to prove those elements, including the requirement that the weapon had travelled in interstate or foreign commerce. Tr. 4/17/12 at 38:7-13 ("Evidence would establish that the firearm was manufactured in Connecticut and therefore travelled in interstate commerce by virtue of its recovery in Pennsylvania.").

The Court concludes that plea counsel's failure to raise a legally inconsequential argument was not objectively unreasonable and did not prejudice defendant. Accordingly,

defendant's Motion, in addition to being dismissed as procedurally waived, is denied on the merits.

### C. An Evidentiary Hearing Will Not be Held

Under 28 U.S.C. § 2255(b), an evidentiary hearing is not required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." In deciding whether to hold a hearing, the Court accepts the truth of the defendant's factual allegations unless they are clearly contradicted by the record. *See Gov't of the V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1988).

The Court concludes that the "motion and the files and records of the case conclusively show that [defendant] is entitled to no relief." 28 U.S.C. § 2255. As explained above, all of defendant's arguments are unsupported by the record and/or law. Thus, the Court will not hold a hearing on defendant's § 2255 Motion.

### D. A Certificate of Appealability Will Not Issue

A certificate of appealability will not issue because reasonable jurists would not debate (a) this Court's decision that defendant's motion does not state a valid claim of the denial of a constitutional right, or (b) the propriety of this Court's procedural rulings with respect to defendant's claims. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### V. CONCLUSION

For the foregoing reasons, defendant's *pro se* Motion to Set Aside, Vacate, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 is dismissed and denied.